HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JESSICA CARRICO, and JOHN CARRICO,

    Plaintiffs,

  v.

STILLWATER INSURANCE CO., *et al.*,

    Defendants.

Case No. 23-cv-349-RAJ

**ORDER GRANTING IN PART AND DENYING IN PART THE PARTIES' MOTIONS FOR PARTIAL SUMMARY JUDGMENT**

## I.  INTRODUCTION

This matter is before the Court on motions for partial summary judgment filed by Plaintiffs Jessica and John Carrico (the "Carricos" or "Plaintiffs") and Defendant Stillwater Insurance Company ("Stillwater"). Dkt. ## 15, 19. For the reasons below, the Court **GRANTS** the Defendant's motion and **DENIES** the Plaintiffs' motion.

## II.  BACKGROUND

This is an insurance coverage dispute arising from a water loss at Plaintiffs' residence on or about December 25, 2022. At all relevant times, Plaintiffs were insured of Stillwater under an homeowners' insurance policy (the "Policy"). Dkt # 17-1 at 3. During a winter storm event, surface water built up on an exterior landing on Plaintiffs' home and flooded into the basement.

Plaintiffs' Policy provides the following dwelling coverages:

ORDER – 1

**SECTION I – PERILS INSURED AGAINST**

**A. Coverage A – Dwelling And Coverage B – Other Structures**

   1. We insure against direct physical loss to property described in Coverages A and B.

   2. We do not insure, however, for loss:

     a. Excluded under Section I – Exclusions;

...

     c. Caused by:

     (6) Any of the following:

     (a) Wear and tear, marring or deterioration;

**Exception To c.(6)**

Unless the loss is otherwise excluded, we cover loss to property covered under Coverages A, B or C resulting from an accidental discharge or overflow of water or steam from within a:

     **(i)** Storm drain or water, steam or sewer pipe off the "residence premises;" or

     **(ii)** Plumbing, heating, air conditioning or automatic fire protective sprinkler system or household appliance on the "residence premises."

...

     For purposes of this provision, a plumbing system or household appliance does not include a sump, sump pump or related equipment or a roof drain, gutter, downspout or similar fixtures or equipment.

Dkt. # 17-1 at 19; Dkt. # 21-1 at 32-33.

The Policy provides as follows regarding exclusions regarding water damage:

**SECTION I – EXCLUSIONS**

We do not insure for loss caused directly or indirectly by any of the following. These exclusions apply whether or not the loss event

ORDER – 2

    results in widespread damage or affects a substantial area.

    …

    3. Water

      This means:

      a. Flood, surface water, waves, including tidal wave and tsunami, tides, tidal water, overflow of any body of water, or spray from any of these, all whether or not driven by wind, including storm surge;

      b. Water which:
        (1) Backs up through sewers or drains; or
        (2) Overflows or is otherwise discharged from a sump, sump pump or related equipment;

      c. Water below the surface of the ground, including water which exerts pressure on, or seeps, leaks or flows through a building, sidewalk, driveway, patio, foundation, swimming pool or other structure; or

      d. Waterborne material carried or otherwise moved by any of the water referred to in 3.a. through c. of this exclusion.

Dkt. # 17-1 at 22-23.

However, Plaintiffs' Policy includes the following endorsement:

    **Limited Water Back-up and Sump Discharge Or Overflow Coverage**

    We will pay up to the Limit Of Liability shown in the Schedule for direct physical loss, not caused by the negligence of an "insured", to property covered under Section I caused by water or waterborne material, which:

    1. Backs up through sewers or drains; or

    2. Overflows or is discharged from a:
        a. Sump, sump pump; or
        b. Related equipment;

ORDER – 3

> even if such overflow or discharge results from mechanical breakdown or power failure. This coverage does not apply to direct physical loss of the sump pump, or related equipment, which is caused by mechanical breakdown or power failure.

*Id.* at 60.

After completing its investigation, Stillwater concluded that large amounts of rain and melted snow backed the drain up, the force of the water pushed through the exterior door causing damage to the entire basement level. Dkt. # 17-6. Stillwater determined there was coverage under the Limited Water Back Up and Sump Discharge or Overflow Coverage endorsement and issued payment of the full $5,000 sublimit of that endorsement. Dkt. # 17 at ¶¶11-13; Dkt. # 17-1 at 59; Dkt. # 18 at ¶8. Stillwater claims that this endorsement was the only coverage available for Plaintiffs' loss, which was the result of a backup or overflow of an external drain. Dkt. # 21-6. Plaintiffs hired a plumber who determined that wear and tear to a drain trap near their basement door caused the drain to become inoperable. Dkt. # 21-4 at 5-6. Plaintiffs say they are owed the full policy limits for the loss and incurred substantial out of pocket damages due to Stillwater's failure to fully investigate the loss. *See* Dkt. # 19.

Plaintiffs commenced this action against Stillwater and Alacrity Solutions Group, LLC (Alacrity). Dkt. # 8. The claims against Stillwater are for Breach of Contract, Insurance Bad Faith, Violation of the Consumer Protection Act ("CPA"), and Violation of the Insurance Fair Conduct Act ("IFCA"). Dkt. # 8. Defendants seek partial summary judgment on Plaintiffs' breach of contract claim, Dkt. # 15, and Plaintiffs' seek partial summary judgment on their declaratory judgment, breach of contract, and CPA claims, Dkt. # 19.

### III.  LEGAL STANDARD

On a motion for summary judgment, the court must draw all inferences from the admissible evidence in the light most favorable to the non-moving party. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000). Summary judgment is appropriate where

ORDER – 4

there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party must initially show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The opposing party must then show a genuine issue of fact for trial. *Matsushita Elect. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party must present probative evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). The court defers to neither party in resolving purely legal questions. *See Bendixen v. Standard Ins. Co.*, 185 F.3d 939, 942 (9th Cir. 1999).

## IV.  DISCUSSION

There is no dispute about the generally applicable principles of insurance policy interpretation. Courts in Washington construe insurance policies as the average person purchasing insurance would, giving the language a fair, reasonable, and sensible construction. *Vision One, LLC v. Phila. Indem. Ins. Co.*, 276 P.3d 300 (2012). Undefined terms are to be given their ordinary meaning. *Id*. The entire contract must be construed together in order to give force and effect to each clause. *Wash. Pub. Util. Dists.' Utils. Sys. v. Pub. Util. Dist. No. 1 of Clallam County.*, 112 Wash.2d 1, 10, 771 P.2d 701 (1989).

Stillwater determined coverage and informed Plaintiffs that "[t]he policy provides limited coverage for direct physical loss resulting from water which backs up from sewers or drains." Dkt. # 17-6 at 4. In the same notice, Stillwater stated that "[o]ur investigation determined large amounts of rain and melted snow backed the drain up, the force of the water pushed through the exterior door causing damage to the entire basement level." *Id*. The parties do not dispute that physical loss occurred in the form of water damage in Plaintiffs' basement.

It is clear from the plain language of the Policy that it expressly excludes physical damage caused by "surface water … all whether or not driven by wind, including storm

ORDER – 5

1  surge" and water which "[b]acks up through sewers or drains." The Limited Water Back-
2  up and Sump Discharge Or Overflow Coverage endorsement adds back limited coverage
3  for water which "[b]acks up through sewers or drains." Dkt. # 17-1 at 60.

### A. Exceptions to the Wear & Tear exclusion

Plaintiffs contend there is full coverage because the loss is an overflow from a "plumbing system." Dkt. # 19 at 10. The Policy contains an exclusion for physical damage caused by wear and tear, marring or deterioration. Dkt. # 17-1 at 19. And, as set forth above, the wear and tear exclusion includes exceptions for: (1) discharge or overflow from storm drains, water, steam, or sewer pipes that are off of the residence premises; and (2) discharge or overflow from plumbing, heating, air conditioning, or other similar systems on the residence premises. Plaintiffs contend the loss at issue here arises from wear and tear from the external drain and thus falls under the second exception to the wear and tear exclusion. *See* Dkt. # 19 at 11-13. The Court disagrees.

To be sure, the first exception does not apply because loss occurred on the residence premises. As to the second exception, there is no basis for concluding that the water damage resulted from an overflow from a "plumbing system." Dkt. # 19 at 10. "Plumbing system" is not defined in the policy. Merriam-Webster's Online Dictionary defines pluming as "the apparatus (as pipes and fixtures) concerned in the distribution and use of water in a building." *See* Merriam-Webster Online Dictionary, www.merriam-webster.com/dictionary. The drain at issue here did not concern the distribution or use of water in Plaintiffs' residence. Rather, it was designed to keep rainwater outside the house. Thus, the pipe in question was not a part of the house's plumbing system.

Plaintiffs' attempts to define "plumbing system" through other authorities – such as through the Uniform Plumbing Code, or through the deposition testimony of Stillwater's adjuster – go against settled precedent and are without merit. Undefined terms in a policy are interpreted by courts based on their ordinary meaning or common law definitions. *Boeing Co. v. Aetna Cas. & Sur. Co.*, 784 P.2d 507, 511 (Wash. 1990)

ORDER – 6

(stating that courts may look to the dictionary to determine the common meaning of an undefined term). Based on the dictionary meaning of "plumbing system," the Court finds no coverage under the exceptions to the wear and tear exclusion. Accordingly, the Court **GRANTS** Stillwater's motion on the breach of contract claim and **DENIES** the Plaintiffs' motion on the declaratory judgment and breach of contract claims.

B.   **Plaintiffs' CPA claims**

Plaintiffs seek partial summary judgment on their CPA claims. To prevail under the CPA, a plaintiff must establish each of the following elements: "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531 (1986).

Here, Plaintiffs' summary judgment briefing cites alleged violations of the following regulations: WAC 284–30–330(4) (failure to pay claims without reasonable investigation); WAC 284-30-350(1) (prohibiting failing to disclose policy benefits coverages and policy provisions); WAC 284–30–330(13) (failure to provide reasonable explanation for denial); WAC 284-30-380(1) (providing the insurer must not deny claim under specific policy provision or exclusion unless it is included in written denial). Dkt. # 19 at 16-17. Plaintiff claims that these violations establish liability on their CPA claims. *Id.*

Stillwater's coverage analysis on January 9, 2023 states that, "[t]he HO3 policy provides coverage for direct physical loss to property caused by a back up in the drainage. During the event large amounts of rain and melted snow backed the drain up, the force of the water pushed through the exterior door causing damage to the entire basement level. Due to the damages appearing to be a result of groundwater flooding claim is denied." Dkt. # 21-5 at 6. In an amended coverage analysis on January 11, 2023, Stillwater added that "Water backup policy limits of $5000 being extended per Stillwater management after management review." *Id.* The letter sent by Stillwater to the Carricos includes a summary

ORDER – 7

of the coverages available in the policy and explains that the $5,000 Policy limit for direct physical loss resulting from water which backs up from sewers or drains is the most coverage that can be afforded for dwelling damages, personal property loss and additional living expenses. Dkt. # 21-6.

Accordingly, this evidence shows that coverage under the Policy was not denied and ultimately extended under the Limited Water Back-up and Sump Discharge Or Overflow Coverage. The letter to the Carrico's also lists the coverages under the Policy and explains that that the Policy limit is $5,000 for water damage backing up from sewers or drains. Viewing the evidence in a light most favorable to Stillwater, it either directly refutes or creates disputable facts regarding whether Stillwater violated the WAC provisions at issue here. Accordingly, Plaintiffs' motion for partial summary judgment is **DENIED**.

## V.   CONCLUSION

For the reasons above, the Court **GRANTS** the Stillwater's motion for partial summary judgment, Dkt. # 15, and **DENIES** the Plaintiffs' motion for partial summary judgment, Dkt. # 19. Given that the issues raised by the parties' pending motion to compel and motion for protective order are impacted by this Order, the Court will **STRIKE** those motions. Dkt. # 40, 45. Within 14 days of this order, the parties are directed to file a joint status report on the need for, and extent of, relief based on the Court's order.

DATED this 26th day of January, 2024.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 8