HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JESSICA CARRICO and JOHN CARRICO,<br><br>Plaintiffs,<br><br>v.<br><br>STILLWATER INSURANCE COMPANY and ALACRITY SOLUTIONS GROUP, LLC,<br><br>Defendants. | Case No. 2:23-cv-000349-RAJ<br><br>**ORDER DENYING PLAINITFFS' MOTION FOR RECONSIDERATION** |

## I.  INTRODUCTION

THIS MATTER comes before the Court on Plaintiffs' Motion for Reconsideration ("Motion"). Dkt. # 59. Defendants filed a Response to the Motion ("Response"). Dkt. # 64. The Court has considered the Motion, the Response, the relevant portions of the record, and the applicable law. For the reasons below, the Court **DENIES** the Motion.

## II.  DISCUSSION

Motions for reconsideration are disfavored and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could

ORDER - 1

not have been brought to [the court's] attention earlier with reasonable diligence." Local R. W.D. Wash. 7(h)(1). Manifest error is very nearly synonymous with "clear error" under Ninth Circuit precedent. *School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (explaining that "[r]econsideration is appropriate" if "the district court committed clear error or the initial decision was manifestly unjust").

Plaintiffs Jessica and John Carrico ("Plaintiffs") request that the Court reconsider a portion of its Order, Dkt. # 58, that granted Stillwater's motion for partial summary judgment on the breach of contract claim ("Order"). In the Order, the Court evaluated Plaintiffs' homeowners' insurance policy (the "Policy") to determine whether an exception to a wear and tear exclusion applied. The Court determined the insurance policy term "plumbing system" means pipes and fixtures concerned in the distribution and use of water in the home. *See Id*. at 6. The Court also determined that there was no basis for concluding that the water damage resulted from an overflow from within a plumbing system. *See Id*. Therefore, the Court concluded that no exception to the wear and tear exclusion applied in this dispute.

Plaintiffs contend that new evidence establishes that the drain at issue is part of the "plumbing system" within the Court's adopted definition, and thus the Policy exception should apply. Dkt. # 59. Next, Plaintiffs argue that the Court departed from controlling authority by adopting a "plumbing system" definition that renders other terms meaningless. *Id*. The Court addresses each argument below.

**A.   New Evidence**

Plaintiffs argue that new evidence discovered after motions for partial summary judgment were filed and fully briefed warrants this Court to reconsider the Order issued in January 2024. To support this point, Plaintiffs cite to portions of a deposition transcript of their plumber, Don Jackson, taken in December 2023. *Id*. at 2. Plaintiffs contend that the Mr. Jackson's testimony reveals that the outdoor drain and interior plumbing are interconnected, and therefore the drain is a part of the "plumbing system" under the Court's

1 | definition in the Order. *Id*. at 2-3.

2 | The Policy's exception to the wear and tear exclusion remains inapplicable in this case. The exception provides coverage for property loss "resulting from an accidental discharge or overflow of water or steam from ***within*** a [plumbing system]." Dkt. # 17-1 at 19; Dkt. # 21-1 at 32-33 (emphasis added). Defendant's Response provides a more complete picture of Mr. Jackson's testimony. *See* Dkt. # 64 at 2-5. The testimony establishes that the water overflowed because drain at issue broke from wear and tear. *Id*. This prevented the water from entering the plumbing system and caused it to flow outside of the house and into the basement. *Id*. at 5-6.

Plaintiffs also fail to establish that this evidence could not have been discovered earlier with reasonable diligence. At minimum, Plaintiffs could have notified the Court in December 2023 before the Court issued the Order.

**B.     Controlling Authority**

Plaintiffs argue the Court overlooked controlling legal authority set forth in *Allstate Ins. Co. v. Peasley*, 131 Wn.2d 420, 424 (1997). Plaintiffs previously raised this argument in their Reply. *See* Dkt. # 33 at 4. The Court properly considered this argument when issuing the Order. Even if the Court were to adopt Plaintiffs' proposed definition, they cannot demonstrate that the loss resulted "from an accidental discharge or overflow of water . . . ***from within***" their home's plumbing system. *See* Dkt. # 17-1 at 19; Dkt. # 21-1 at 32-33 (emphasis added).

### III. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiffs' Motion for Reconsideration. Dkt. # 59.

Dated this 3rd day of May, 2024

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge